# SMITH & SMITH

**GERALD K. SMITH AND JOHN C. SMITH**
LAW OFFICES, PLLC
ATTORNEYS AT LAW
6720 E. Camino Principal, Suite 203
Tucson, AZ 85715
Tel: (520) 722-1605
Fax: (520) 722-9096

Gerald K. Smith, State Bar No. 001428
Email: gerald@smithandsmithpllc.com
John C. Smith, State Bar No. 023008
Email: john@smithandsmithpllc.com
Grant L. Cartwright, State Bar No. 030780
Email: grant@smithandsmithpllc.com
Cody D. Vandewerker, State Bar No. 033385
Email: cody@smithandsmithpllc.com

*Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PRECISE CORPORATE STAGING, LLC, ■<br><br>DEDICATED STAGING, LLC, ■<br><br>DAVMAR INVESTMENTS, LLC, ■<br><br><br><br>Debtors. | Chapter 11 Proceedings<br><br>Case No. 2:16-bk-14281-PS<br>Case No. 2:16-bk-14283-MCW<br>Case No. 2:16-bk-14284-MCW<br><br>(Jointly Administered)<br><br>**DECLARATION OF MARLA STERN<br>IN SUPPORT OF FIRST DAY MOTIONS** |
| This filing applies to:<br>■ All Debtors<br>☐ Precise Corporate Staging, LLC | |

MARLA STERN declares as follows:

1) I am an authorized representative of Precise Corporate Staging, LLC ("**Precise Staging**"), Dedicated Staging, LLC ("**Dedicated Staging**") and DavMar Investments, LLC ("**DavMar**," and together with Precise Staging and Dedicated Staging, the "**Debtors**").

2) As the Chief Executive Officer of Precise Corporate Staging and Dedicated Staging, and the owner of 51% of DavMar Investments, I am familiar with the Debtors' general business and financial affairs. I submit this Declaration on personal knowledge of the Debtors in connection with their voluntary petitions for

relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), filed on December 20, 2016 (the "**Petition Date**").

3) This Declaration is submitted in support of the factual allegations contained in the following Motions (collectively, the "**First Day Motions**"), filed contemporaneously with this Declaration:

- Emergency Motion for an Interim Order Authorizing the Continued Use of Existing Cash Management System and Bank Accounts.
- Emergency Motion for an Interim Order Authorizing the Use of Cash Collateral.
- Emergency Motion to Approve Adequate Assurance to Utility Providers and Objection Procedures Related Thereto.

## Background on the Debtors

4) On the Petition Date, the Debtors voluntarily petitioned the United States Bankruptcy Court for the District of Arizona (the "**Court**") for bankruptcy protection under the Bankruptcy Code.

5) The Debtors, Arizona limited liability companies, were organized in June (Dedicated Staging) and July (Precise Staging) in 2000. I am the CEO of those companies. DavMar, an Arizona limited liability company, was organized in May 2005. I own 51% of DavMar.

6) The Debtors are headquartered at 1530 W. 10th Place, Tempe, Arizona 85281.

7) Precise Staging's and Dedicated Staging's business consists primarily of the coordination and leasing of lighting, audio, and video equipment for corporate, concerts, and other events. DavMar owns the real property on which Debtors' business is located.

8) The Debtors' combined year-to-date gross profits as of September 30, 2016, were $1,276,629.

### The Debtors' Debts

9) Dedicated Staging entered into three loan agreements with Western State Bank. Upon information and belief, the current pay-off balances of the loans are $1,950,327.51, $968,300.18 and $368,368.88. These loans are cross-collateralized by Precise Staging.

10) DavMar entered into two loan agreements with JPMorgan Chase Bank. Upon information and belief, the current pay-off balances of those loans are $633,840.02 and $1,676,746.15.

11) Western State Bank has filed UCC Financing Statement with the Arizona Secretary of State's Office; the stated collateral secured by the financing statements includes the assets of Dedicated Staging and Precise Staging.

12) Precise Staging has loans with LEAF Capital Funding, LLC who has filed a UCC Financing Statement; the stated collateral secured by the financing statement includes certain equipment of Precise Staging.

13) Precise Staging owes approximately $18,865.00 on a company-owned vehicle, a 2013 Lexus RX450H.

14) Dedicated Staging has loans with LEAF Capital Funding, LLC, Mintaka Financial, LLC, Wells Fargo Equipment Finance, Inc., and Western Equipment Finance, Inc. each of whom has filed a UCC Financing Statement; the stated collateral secured by the financing statements includes certain equipment of Dedicated Staging.

15) The Debtors also owe approximately $1.093 million to various creditors, including BMO Harris Bank, American Express, Discover, Sam's Club, Super Logistics and Video Equipment Rental, to name a few.

**<u>Statements in Support of First Day Motions</u>**

A. **Emergency Motion for an Interim Order Authorizing the Continued Use of Existing Cash Management System and Bank Accounts**.

16) In the normal course of business, the Debtors use a centralized cash management system (the "**Cash Management System**") to collect funds from their operations and pay their operating and day-to-day expenses. The Cash Management System is used to collect, transfer, and disburse funds in a cost effective manner.

17) The Cash Management System is carefully maintained through controls implement by the Debtors. Through the use of the Cash Management System, the Debtors are able to monitor collections and the disbursement of funds, forecast revenues and expenses, and monitor reporting to tax authorities.

18) The Cash Management System consists of bank accounts maintained at JPMorgan Chase Bank and Western State Bank (the "**Bank Accounts**"). The Bank Accounts used in connection with the Cash Management System are Chase Bank Accounts No. ****1353, the operating and payroll account for Precise Corporate Staging; No. ****1361, the operating and payroll account for Dedicated Staging; and No. ****1452, the operating account for DavMar. The Debtors use and manage the Bank Accounts on a daily basis.

19) The Bank Accounts at Western State Bank are Account No. ****4820 (Precise Staging) and Account No. ****4838 (Dedicated Staging). These two accounts have a minimal balance and are not used on a daily basis.

20) The Debtors will suffer substantial disruption to the normal operation of their business if they is not able to continue to use their existing Cash Management System and Bank Accounts for a period of 60 days from the filing of the Cash Management Motion.

**B. Emergency Motion for Interim Order Authorizing the Use of Cash Collateral.**

21) The Debtors need immediate authority to use Cash Collateral to fund Debtors' day-to-day operations and ultimately achieve a successful reorganization. The Debtors require the use of Cash Collateral for the payment of the operating expenses included in the Budgets. The expenses included in the Budgets are reasonable and necessary business expenses which must be paid in order to maintain and preserve the Debtors' assets and to continue the operation of their business.

22) Without the ability to use Cash Collateral, the Debtors may be forced to terminate their employees and close their business. Western State Bank is adequately protected by the Debtor's proposed use of Cash Collateral to maintain the operation of their business by paying for maintenance, insurance, taxes, and other operating expenses.

23) The Debtors currently have no present alternative borrowing source from which they can secure additional funding to operate their business. In sum, the failure to

obtain authorization for the use of the Cash Collateral would be fatal to Debtors and disastrous to their creditors, both secured and unsecured.

**C. Motion to Approve Adequate Assurance to Utility Providers.**

24) The Utilities are essential to Debtors' ongoing operations.

25) In the ordinary course of its business, the Debtors obtain water/sewage, electricity, gas, internet, telephone, and other services from the following Utility Providers: Salt River Project (SRP), Cox Communications, XO Telecommunications, City of Tempe and ATT Wireless.

26) The Debtors pay each Utility Provider directly, after receiving an invoice for the prior month's services.

27) Any interruption in service of the Utilities would negatively affect the Debtors' business and jeopardize its going concern value, and, ultimately creditor recovery.

28) The Debtors have a good, longstanding relationship with their Utility Providers.

DATED this 22nd day of December, 2016.


/s/ Marla Stern
Marla Stern, CEO


RESPECTFULLY SUBMITTED this 22nd day of December, 2016.


**GERALD K. SMITH AND JOHN C. SMITH LAW OFFICES, PLLC**

By  *s/ John C. Smith*
John C. Smith
Grant L. Cartwright
Cody D. Vandewerker
*Proposed Attorneys for Chapter 11 Debtors*

6

1
2

COPY of the foregoing mailed or emailed*
on December 22, 2016, to:

3
4

Christopher J. Pattock*
Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
Telephone: 602/682-2614
Facsimile: 602/514-7270
Christopher.J.Pattock@usdoj.gov

5
6
7

8
9
10
11
12

James L. Ugalde*
Quarles & Brady LLP
Renaissance One
Two N. Central Avenue
Phoenix, AZ 85004
James.ugalde@quarles.com
*Attorneys for Western State Bank*

13
14
15

 s/ Liza D. Taylor
Liza D. Taylor

16
17
18
19
20
21
22
23
24
25
26
27
28